UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Melody Costenbader

    v.                                          Civil No. 23-cv-443-SE
                                                    Opinion No. 2024 DNH 057

Home Depot USA, Inc. and
W/S North Hampton Properties BB
c/o WS Asset Management, Inc.

**ORDER**

Home Depot USA, Inc. seeks to defend against Melody Costenbader's personal injury claim by moving to compel enforcement of a purported settlement agreement releasing the claim. "[A] trial court may not summarily enforce a purported settlement agreement if there is a genuinely disputed question of material fact regarding the existence or terms of that agreement." Malave v. Carney Hosp., 170 F.3d 217, 220 (1st Cir. 1999). In such cases, a court must ordinarily "take evidence to resolve the contested issues of fact." Id. Relying on PC Connection, Inc. v. Sillich, No. 22-cv-524-LM, 2023 WL 3763746, at *1 (D.N.H. May 31, 2023), Home Depot asks the court to apply the summary judgment standard to its motion to enforce. Though Costenbader, without explanation or argument, requests an evidentiary hearing, she does not object to the application of the summary judgment standard. Thus, the court will treat Home Depot's motion as a motion for summary judgment. Because genuine disputes of material fact as to whether the two parties entered into any settlement agreement are apparent on the record submitted by the parties, the court must deny the motion.

Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). A material fact is one that "carries with it the potential to affect the outcome of the suit." French v. Merrill, 15 F.4th 116, 123 (1st Cir. 2021) (quotation omitted). A material fact is in genuine dispute if "a reasonable jury could resolve the point in the favor of the non-moving party." Id. In considering a motion for summary judgment, the court may review material cited in the motion and other materials in the record. Fed. R. Civ. P. 56(c)(1)(3).

Background

On August 4, 2020, Costenbader tripped over a cinderblock in the outdoor landscaping area of the Home Depot in North Hampton, New Hampshire, twisting her lower back and receiving a gash to her leg. Immediately thereafter, a medical provider at an urgent care facility cleaned her leg wound and performed x-rays, which confirmed that her leg was not broken.

The next day, Home Depot's third-party claims administrator, Sedgwick Claims Management Services, Inc., began an investigation of Costenbader's fall. A Sedgwick employee, Brittany Duggan, called Costenbader on August 11, 2020, and spoke with her about the incident. Sedgwick recorded a portion of the call and created a written transcript of it on August 22, 2023. Doc. no. 10-2.

During the phone call, Costenbader and Duggan discussed the incident in detail, including how Costenbader fell, the extent of her injuries, the treatment she received after the incident, and its cost. Duggan also asked Costenbader, twice, if she intended to "pursue anything against Home Depot." Id. at 4, 7. At first, Costenbader replied that she did not but that she needed her "leg to be taken care of." Id. at 4. Later, Costenbader stated that she did not believe she would pursue a claim but also that she was not sure whether her leg would cause her additional issues. Id. at 7.

Near the end of the recorded portion of the call, Costenbader told Duggan that it would be nice if Home Depot sent her some coupons and that she wanted some "VIP treatment" the next time she shopped at the store. Id. at 8. Duggan replied that she was glad Costenbader had a good sense of humor about the incident. Id. Duggan then told Costenbader that she was ending the recording and that Costenbader should remain on the line while she explained "everything moving forward." Id.

Although there is no dispute that the conversation continued after the recording stopped, the parties offer different versions of its content. They agree that at some point after the recording stopped, Duggan offered Costenbader $450. See doc. no. 10-3 at 2; doc. no. 7-1 at 3. Relying on Duggan's notes from the call and her affidavit, Home Depot asserts that Costenbader negotiated for this amount during the call and accepted it in full settlement and satisfaction of her claims.[1] See doc. no. 11-1 at 4; doc. no. 7-3, ¶¶ 14-15. Costenbader denies accepting $450 as settlement of her claims and submits her and her husband's affidavits stating that Duggan offered Costenbader the payment as a good will gesture to assist with some of her medical costs, but not as a settlement of all claims.[2] Doc. no. 10-3, ¶ 4; doc. no. 10-4, ¶ 4.

Sedgwick issued a $450 check to Costenbader and her husband on August 12, 2020. The check was attached to a stub that included the following text: "Description: Settlement of all

---

[1] Home Depot itself offers conflicting evidence regarding the purported negotiation. Duggan's notes say that she initially offered Costenbader $200, but her affidavit says that she initially offered $250. Home Depot's motion to enforce asserts that Duggan offered $250, but its reply to Costenbader's objection asserts that Duggan first offered $200. The starting point for the alleged negotiation is not material to the court's decision, but the court notes these discrepancies in the record.

[2] Costenbader's husband's affidavit states that Costenbader took Duggan's call on speakerphone and that he listened to the full conversation. Doc. no. 10-4, ¶ 2.

3

claims" and "Comment: Full Final Payment." Doc. no. 7-4 at 2. On August 18, 2020, Costenbader deposited the check at Northeast Credit Union. Doc. no. 7-5 at 2.

Costenbader alleges that the injuries she received at the North Hampton Home Depot in August 2020 have caused sciatica, which makes it difficult for her to stand at her job as a hair stylist and has resulted in additional medical expenses, loss of enjoyment of life, and other damages. Doc. no. 1-3 at 3-4. She brings this suit to recover for her injuries, asserting a claim for negligence.

Discussion

Home Depot argues that the parties reached a binding settlement agreement on August 11, 2020, which the court should enforce. It contends that even if there is a genuine dispute regarding the August 11 phone call, the fact that Costenbader cashed a check on August 17 with a stub stating "settlement of all claims" and "full final payment" is sufficient proof of a binding settlement agreement between the two parties. Costenbader responds that her act of cashing the check, even with the language on the stub, is insufficient to show that the parties reached a binding agreement to settle her claim, especially in light of the disputes concerning her phone call with Duggan.

Settlement agreements are contracts governed by state law, in this case New Hampshire law. Roy v. Comm'r, New Hampshire Dep't of Corr., No. 09-cv-75-SM, 2011 WL 5041398 at *1 (D.N.H. Oct. 24, 2011). Under New Hampshire law, an enforceable settlement agreement requires offer, acceptance, consideration, and a meeting of the minds. Poland v. Twomey, 156 N.H. 412, 414 (2007). "A meeting of the minds occurs when there is mutual assent to the essential terms of the contract; that is, the parties have the same understanding of the essential terms of the contract and manifest an intention to be bound by the contract." Id. To ascertain the

4

intent of the parties, the court considers "the situation of the parties at the time of their agreement and the object that was intended thereby, together with all the provisions of their agreement taken as a whole." Id. (quoting Huguelet v. Allstate Ins. Co., 141 N.H. 777, 779 (1997)).

I.   The August 11, 2020 Phone Call

The transcript of the recorded portion of Costenbader and Duggan's August 11, 2020, phone call does not establish that they reached a settlement agreement during that portion of the call. Further, the conflicting affidavits offered by the parties demonstrate a dispute regarding whether they reached a settlement agreement after the recording ended.

II.   The Cashed Check

Because there are disputes of material fact regarding the effect of the phone call, the court can enforce the purported settlement agreement only if Costenbader's act of cashing the $450 check with the accompanying stub notations "settlement of all claims" and "full final payment" establishes that the parties entered into a binding agreement releasing Costenbader's claim. In New Hampshire, a check, even one bearing settlement language, can evince either an intention to compensate for injuries or an intention to buy peace from future controversy. Huguelet, 141 N.H. at 779 ("[W]e find the situation of the parties and the Defendant's oral and written explanations of the settlement amount indicate that its object was to compensate for injuries rather than to purchase peace, notwithstanding the [release of claims] language on the check."). If the purpose was not to buy peace, cashing the check will not operate as a release. See id. Thus, the act of cashing a check bearing settlement language is not dispositive of the existence of a settlement agreement if other factual circumstances indicate that the object of the check was not to purchase peace.

5

As discussed above, Costenbader indicated during her phone conversation with Duggan that she had not yet decided whether she would pursue claims against Home Depot because she was not sure whether her injury would interfere with her ability to work. Costenbader has also provided affidavits averring that the check was a good will gesture intended to assist with some expenses and that Duggan repeatedly stated that the payment was not a settlement. There is no uncontroverted evidence in the record, other than the language on the check stub, that the check was intended to buy peace. Cf. Gannett v. Merchants Mut. Ins. Co., 131 N.H. 266, 269 (1988) (enforcing a settlement agreement where there was no dispute of fact that the plaintiff agreed to release her claims prior to cashing the settlement check). In this case, there are disputes of fact regarding all aspects of contract formation, including the intent of the parties.

Finally, Home Depot argues that even if Costenbader's factual assertions are taken as true, her act of cashing the check established an accord and satisfaction between the two parties. Doc. no. 11 at 2. This argument suffers the same infirmity as Home Depot's argument in favor of a binding settlement agreement. Like the formation of such an agreement, accord and satisfaction requires mutual assent or a meeting of the minds. Decato Bros., Inc. v. Westinghouse Credit Corp., 129 N.H. 504, 511 (1977). There are material issues of fact regarding Costenbader's intent to compromise her claim for $450. Reading the evidence in the light most favorable to Costenbader as the non-moving party, the "[settlement language] on the check was only reiteration of the defendant's purpose," and therefore "it cannot be said as a matter of law that the plaintiff by cashing the check accepted it in full payment[.]" Kramas v. Beattie, 107 N.H. 321, 324 (1966) (finding no accord and satisfaction where cashed check was marked "final and terminating payment").

Construing all reasonable inferences in favor of Costenbader, the court finds disputes of material fact that preclude enforcement of the purported settlement agreement.

<u>Conclusion</u>

For the foregoing reasons, Home Depot's motion to enforce a settlement agreement (doc. no. 7) is denied.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

July 16, 2024

cc: Counsel of Record.